FARMERS & MERCHANTS BANK, Respondent, vs. CITY OF
RICHLAND CENTER, Appellant.

*November 20—December 8, 1914.*

*Taxation: Bank stock, when taxable.*

Where the capital stock of a banking corporation whose articles of
incorporation had previously been filed was subscribed for, and,
except as to a few shares, paid for and the certificates of stock
issued prior to May 1, 1913, the stock was taxable in that year,
although the certificate of the banking commissioner authoriz-
ing the corporation to commence the business of banking was
not issued until May 12, 1913.

APPEAL from a judgment of the circuit court for Richland
county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

Action to recover money paid under protest to the treas-
urer of defendant as taxes.

In January, 1913, under the law of this state plaintiff's
articles of organization as a banking corporation were duly
filed and subsequently, before the 1st day of May, all steps
were taken to authorize it to commence business as such, ex-
cept payment for a few shares of stock and obtaining a cer-
tificate of competency of the commissioner of banking, as
required by sec. 2024—10, Stats. As indicated, prior to
May 1, 1913, the $50,000 of stock of the corporation was sub-
scribed for and, except for a small amount, was paid for and
certificates of stock were duly issued to the subscribers. The
subscription price for the stock was $110 for each $100 share,
payable twenty-five per cent. down and the balance on or be-
fore March 15, 1913. The required certificate of compe-
tency was obtained prior to May 12, 1913. Thereafter the
assessor of defendant, in due form, assessed the capital stock
to the stockholders and the bank's real estate to it. In due
course, taxes on the stock to the amount of $1,193.69 were
extended upon the tax roll of defendant, as and for taxes on
such stock for 1913 and were paid under such circumstances
as to entitle plaintiff to recover the same back, in case of the

property not being liable to taxation for such year.     Thereafter plaintiff, in due form and time, presented its claim for a refund of such money to the common council of defendant and it was rejected.     Thereupon it appealed to the circuit court from such disallowance.

Upon such facts the trial court decided that the capital stock of the bank was not taxable for the year 1913, and rendered judgment accordingly.

*O. D. Black,* attorney, and *Burr W. Jones,* of counsel, for the appellant.

For the respondent there was a brief by *Bancroft & Johns,* and oral argument by *L. H. Bancroft.*     They contended that a state bank cannot be taxed as a bank before it has any legal existence as such or any authority to transact any business as a bank.     Secs. 1034, 1040, 1051, 1057*b*, 2024—10, 2024—12, 2024—78*m*, Stats.; 37 Cyc. 825; *Farmers' L. & T. Co. v. Newton,* 97 Iowa, 502, 66 N. W. 784; *People ex rel. Mut. T. Co. v. Miller,* 177 N. Y. 51, 69 N. E. 124; *Manufacturers' & M. Bank v. Comm.* 72 Pa. St. 70; Bouvier, Law Dict. "Bank;" *Reed v. People,* 125 Ill. 592, 18 N. E. 295, 1 L. R. A. 324; *Farmers' & M. Bank v. Baldwin,* 23 Minn. 198; *Wells, Fargo & Co. v. N. P. R. Co.* 10 Sawy. 441, 23 Fed. 469; *People ex rel. Att'y Gen. v. Utica Ins. Co.* 15 Johns. 357; *Exchange Bank v. Hines,* 3 Ohio St. 1.

MARSHALL, J.     The question of whether the capital stock of respondent was taxable for 1913 must be solved by the written law.     Decisions elsewhere in respect to the matter are more liable to mislead than illumine, as is quite well evidenced by the history of this case.

By secs. 1033 and 1034, Stats., all property existing in this state on the 1st day of May in any year, subject to some exceptions which do not include bank stock, is subject to taxation for such year.

By sec. 2024—9, Stats., upon articles of incorporation of a bank being filed, as in this case, a banking corporation is

created, having all the powers of any such corporation under the laws of this state excepting that of prosecution of the business of banking, which waited upon obtaining a certificate of competency from the commissioner of banking under sec. 2024—10, Stats., within one year after creation, failure of which to be penalized by the corporation ceasing to exist.

As a condition of obtaining such certificate of competency, it is provided in sec. 2024—12, Stats., that the authorized capital must be fully paid in and all conditions precedent to the corporation commencing business be complied with, as was the case in the particular instance, before the 1st day of May, 1913, except as to a few shares as to which certificates were held to await full payment for the stock.

· So in view of the facts and the law, the respondent bank was an existing corporation on the 1st day of May, 1913, with full-paid capital stock, except as to the few shares, and with certificates of stock duly issued. The value of the outstanding stock was not affected by the fact that the certificate of competency had not been obtained. It was in existence with a value presumably equal to its cost of $110 per share. It seems that such situation answers to all the essentials of the statute as to taxation of such property. By what authority the court can say that the stock was not subject to taxation, upon the theory that the thing having a physical existence and of full value did not exist at all, because of present incompetency of the bank to do business, is not perceived. Had the certificate of competency not been obtained within the year limited by the statute, and the penalty of extinguishment had become operative, the value of the shares would have substantially remained. Each certificate holder would have been entitled to his *pro rata* share of the corporate property and the corporation have remained in practical existence for the purposes of liquidation.

*By the Court.*—The judgment is reversed, and cause remanded with directions to dismiss the same with costs to the defendant.